IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHRISTOPHER McDOWELL                                                                               PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 3:05cv280TSL-AGN

BRENDA DALE HUNT,
JUDGE BRELAND L. HILBURN,
JANE T. BOND, SHERIFF MALCOLM E. McMILLIN,
BARBARA DUNN, JAMIE McCOY, and JENNIFER
STUDEBAKER                                                                                     DEFENDANTS

MEMORANDUM OPINION

      This cause is before the court, <u>sua sponte</u>, for consideration of dismissal.  Plaintiff Christopher McDowell filed this action pursuant to 42 U.S.C. § 1983.   Plaintiff is an inmate incarcerated in the Mississippi State Penitentiary, Parchman, Mississippi.  The named defendants are Brenda Dale Hunt, Judge Breland L. Hilburn, Jane T. Bond, Sheriff Malcolm E. Mcmillin, Barbara Dunn, Jamie McCoy, and Jennifer Studebaker.  The plaintiff is seeking monetary damages as relief.

      Plaintiff was convicted in the Circuit Court of Hinds County, Mississippi, of the sale of marijuana and carjacking.  For each of the convictions, the plaintiff received a four-year sentence to serve incarcerated in the Mississippi Department of Corrections with an additional three years to serve on probation.  According to the information he initially received in 1999 from the Mississippi Department of Corrections, the sentences were to run concurrent.   The plaintiff contends that he was eligible for release on February 7, 2002.  However, he was not released because of a detainer.  Once the issue of the detainer was resolved, the plaintiff thought he would be released within three weeks.  On June 26, 2002, the plaintiff was told by a prison official that his time was to run consecutive.  The plaintiff attempted to have the trial court clear this matter

up by filing a motion for post-conviction relief.[1]  The trial court denied the motion for the following reasons:  the request was untimely and the transcript stated that the sentences were to run consecutive, not concurrent.  (See attached "Order Dismissing Motion for Post-Conviction Relief" to the complaint.)

## Analysis

The Prison Litigation Reform Act [PLRA],  28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides  that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since the plaintiff was granted in forma pauperis status, Section 1915(e)(2) applies to the instant case.

Initially, this court must decide whether the plaintiff should pursue his claim requesting his release from custody as a petition for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983.  Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement.  Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (citing  Cook v. Texas Dept. of Crim. Just. Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)). The plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus.  Id., (citing Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989)).  Therefore, to the extent the plaintiff may be requesting release from custody, a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 is the appropriate legal vehicle to assert these claims.

---

[1] The plaintiff argues that his sentences were to run concurrent and therefore, he should have been released on September 14, 2002.

To the extent the plaintiff is requesting monetary damages as relief, the plaintiff's claims under § 1983 are precluded by the United States Supreme Court's ruling in <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994).  In <u>Heck</u>, the Supreme Court addressed whether a claim for monetary damages which essentially challenges the plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983.  The Supreme Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

<u>Id.</u> at 2372 (footnotes omitted); <u>see</u> <u>also</u> <u>Boyd v. Biggers</u>, 31 F.3d 279, 284-85 (5th Cir. 1994).

If plaintiff is successful in this § 1983 action, it would necessarily imply the invalidity of his current imprisonment.  This court finds that the plaintiff has failed to prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.   Therefore, to the extent the plaintiff is challenging the fact of his confinement and imprisonment and requesting

3

monetary damages as relief, he is barred from proceeding under 42 U.S.C. § 1983 until the <u>Heck</u> conditions are met.[2]

## Conclusion

As discussed above, the plaintiff's claims are not cognizable under 42 U.S.C. § 1983. Consequently, this complaint will be dismissed for failure to state a claim upon which relief may be granted, pursuant to the Prison Litigation Reform Act [PLRA], 28 U.S.C. § 1915(e)(2)(B)(ii).

## Three-strikes provision

Since this case is dismissed pursuant to the above mentioned provision of the PLRA, it will be counted as a "Strike"[3]. If the plaintiff receives "three strikes" he will be denied <u>in forma pauperis</u> status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion shall issue this date.

SO ORDERED, this the    28th    day of June, 2005.


        /s/ Tom S. Lee
        UNITED STATES DISTRICT JUDGE

---

[2] "Plaintiff's claims are dismissed with prejudice to their being asserted again until the Heck conditions are met." <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1996).

[3] 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.